UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CONTINENTAL POULTRY
SEXING ASSN., INC.                                                                                  PLAINTIFF

v.                                             No. 2:21-CV-02009

DEDICATED POULTRY SERVICE, INC.
and BILLY MCHENRY                                                                               DEFENDANTS

**OPINION AND ORDER**

Before the Court is Defendants Dedicated Poultry Service, Inc. and Billy McHenry's motion (Doc. 39) in limine and brief in support (Doc. 40) to exclude the expert testimony of Dr. Ralph D. Scott and evidence of lost profits. Plaintiff Continental Poultry Sexing Assn., Inc. filed a response (Doc. 42) in opposition and a brief in support (Doc. 43). For the reasons set forth below, the motion will be DENIED.

Federal Rules of Evidence 702 and 703 govern the admissibility of expert testimony. Rule 702 provides

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

"The trial judge has the gatekeeping responsibility to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Mahaska Bottling Co., Inc. v. PepsiCo, Inc.*, 441 F. Supp. 3d 745, 749 (S.D. Iowa 2019) (internal quotations and alterations omitted) (citing *Allen v. Brown Clinic, P.L.L.P.*, 531 F.3d 568, 573 (8th Cir. 2008)). To be admissible, an expert's testimony "must be reliable or trustworthy in an evidentiary sense, so that, if the finder of

1

fact accepts it as true, it provides the assistance the finder of fact requires." *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014) (quoting *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008)). "Only if the expert's opinion is so fundamentally unsupported [by a factual basis] that it can offer no assistance to the jury must such testimony be excluded." *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002).

Defendants argue Dr. Scott's expert opinion on the amount of lost profits Plaintiff suffered should be excluded because the lost profits are highly speculative. Defendants also argue the materials Dr. Scott based his opinion on do not support the lost profits calculation Dr. Scott provides. Except to the extent they can be described as a challenge to the factual basis of Dr. Scott's opinion, these are not issues relevant to Dr. Scott's qualification as an expert under Federal Rule of Evidence 702, but instead address the burden of proof Plaintiff must meet at trial. Because Rule 702 has been characterized as a Rule of admissibility rather than exclusion, and Defendants have given no good reason to exclude the expert testimony, Defendants' motion will be denied. Defendant will have the opportunity to attack Dr. Scott's opinions, including his methodology and the factual basis relied upon, through the appropriate means of "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" at trial. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

Defendants also argue any evidence related to Plaintiff's claim for lost profits should be excluded because Defendants did not receive the documents in discovery and the documents have not been authenticated. The Court notes Defendants deposed Dr. Scott (Doc. 40, p. 7) on December 28, 2021, and Plaintiff represents the lost profits evidence was provided to Defendants via email on December 27, 2021. Both the deposition and the supplemental disclosure occurred after the September 7, 2021, discovery deadline set forth in the Court's final scheduling order.

(Doc. 28). The scheduling order provides the parties are allowed to conduct discovery beyond this date, "however, the Court will not resolve any disputes in the course of this extended discovery." *Id.* at 1. It is clear the parties continued discovery well after the deadline and without any prior request for a continuance or a motion to compel. The Court will not exclude the lost profits evidence based on an untimely disclosure.

Further, with respect to the lost profits documents Plaintiff intends to rely on, the Court does not have the specific context needed to rule and neither the parties nor the Court can be expected to know with certainty what evidence, testimony, or argument will be offered at trial. When evidentiary issues are almost entirely speculative, an order in limine on admissibility amounts to little more than an order directing the parties to abide by the Federal Rules of Evidence. The Court begins each trial with the expectation that the parties will try their case in accordance with the Rules, and absent a properly-supported need to enter a "follow the Rules" order, will refrain from doing so. The parties may raise objections as necessary at trial, and the Court will consider issues raised at that time.

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 39) in limine is DENIED. Defendants may renew the motion at trial.

IT IS SO ORDERED this 31st day of March, 2022.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE